IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,              CR. NO. S-07-0005 GGH

   vs.

MARGARET MAES,

       Defendant.          <u>ORDER</u>

_____/

*Introduction and Summary*

       The United States filed an information alleging in Count 1 that defendant possessed marijuana on a federal facility in violation of the general possession statute, 21 U.S.C. § 844(a), a misdemeanor.  This Class A misdemeanor, among other penalties, imposes a one year term of imprisonment as a maximum penalty, and a maximum $100,000 fine.  Defendant seeks to dismiss this count in the information on account of the regulation enacted by the Veterans Administration (VA) pursuant to its enabling act, 38 U.S.C. § 901, which imposes a six month,$500 fine as a maximum penalty for "[t]he introduction or possession of alcoholic beverages or any narcotic drug, hallucinogen, marijuana, barbiturate, and amphetamine on [VA] property...." 38 CFR §§ 1.218(a)(7) and (b)(18).  Defendant believes that the prosecutor is mandated to charge the lesser, "more specific" offense.

1

1    Defendant's motion fails for two reasons: (1) the VA had no authority to enact or

2    maintain a regulation which, in part, modified another statute where Congress had acted in a

3    comprehensive fashion to criminalize the possession, sale and so forth of controlled substances;

4    (2) even if the VA had such power, the prosecutor could legitimately rely on the comprehensive

5    statute in lieu of the regulation.

6    *Discussion*

7    While Congress can and does give legislative regulatory authority to executive

8    agencies, as it did in this case, see 38 U.S.C. § 901[1], the agencies authority remains limited in

9    substantial ways.  The agencies do not have the authority to repeal or make ineffective

10   Congressional statutes regulating conduct in a comprehensive fashion which are passed

11   separately from the agency's enabling or organic act.  This common sense proposition is directly

12   derived from the Constitution in that "[a]ll legislative powers shall be vested in a Congress of the

13   United States." Article I.  If agencies were free to ignore Congressional legislation, Article I

14   would be a dead letter.  Even in areas germane to the basic purpose of the agency, the agency's

15   regulations may not ignore the letter of Congressional statutes.  Indeed, an agency has no

16   authority to interpret statutes at odds with the letter of the law.  Chevron U.S.A. Inc. v. Natural

17   Res. Def. Council, Inc., 467 U.S. 837, 842-843, 104 S. Ct. 2778, 2781 (1984) (emphasis added):

18   "If the intent of Congress is clear, that is the end of the matter; for the court, *as well as the*

19   *agency*, must give effect to the unambiguously expressed intent of Congress."  If an agency is so

20   limited in its area of expertise, it follows that it is just as limited in legislating in areas with

21   which it is not primarily concerned.  This leads further to the established law that "Congress

22   obviously did not assign any agency responsibility to resolve policy disputes that arise in the

23   process of implementing a judicially administered statute."  Pierce, *Administrative Law Treatise*,

24   _____

25       [1]  In pertinent part, § 901 provides:  "(a)(1) The Secretary shall prescribe regulations to
     provide for the maintenance of law and order and the protection of persons and property on
26   Department property."

1  § 3.5 at 164 (4th ed. 2002).

2  Thus, in a situation where the Department of Justice had issued a regulation in the

3  area of immigration which conflicted with express provisions of the Taft-Hartley Act, the

4  regulation was struck down.  WJA Realty Ltd. Partnership v. Nelson, 708 F. Supp. 1268, 1275

5  (S.D. Fla. 1989):  "The regulation is not a valid exercise of the Attorney General's authority,

6  particularly if the regulation squarely conflicts with another statute."  The sense of such a ruling

7  is highlighted here.  If the VA can determine to lessen the penalties for controlled substance

8  criminal conduct on agency property, then Congress' careful legislative penalty judgments on all

9  manner of crime, e.g., child pornography, environmental crimes, computer fraud and the like,

10  could all fall before the regulator's pen if the VA determined to regulate such conduct pursuant

11  to its general regulatory authority.

12  Accordingly, the VA was powerless to issue or maintain a regulation which

13  conflicts with the expressed will of Congress in its comprehensive attempt to legislate criminal

14  laws in the area of drug possession, use, etc.  Insofar as 38 CFR § 1.218 prescribes a criminal

15  penalty at odds with that expressed by Congress for possession of a controlled substance, a

16  judicially administered statute, it is void.[2]

17  Secondly, even if the VA could validly modify the Congressionally mandated

18  penalties found in general criminal statutes, prosecutors have the right to choose between

19  Congressionally authorized conflicting schemes of criminal enforcement.  "It is well settled that

20  no inherent difficulty exists in Congress' criminalizing the same conduct under two different

21  statutes, one of which provides for misdemeanor and the other felony punishment.  See United

22  States v. Batchelder, 442 U.S. 114, 122-26, 99 S. Ct. 2198, 2203-05, 60 L. Ed. 2d 775 (1979)."

23

24  [2]  The undersigned limits his opinion herein to a conflict between generally authorized
regulations and a comprehensive Congressional scheme clearly intended to "cover the

25  waterfront" of particular criminal conduct – here possession of a controlled substance.  Thus, the
VA's determination of the correct penalty for driving under the influence of a controlled

26  substance, which is not conduct controlled by Congress' statute, is not at issue here.

3

1  United States v. Mitchell, 39 F.3d 465, 472 (4th Cir. 1994) (upholding the prosecutor's choice of

2  a felony statute for prosecution in lieu of a later enacted statute that generally proscribed

3  misdemeanor penalties for violation of regulations involving the same conduct as the felony.)

4  See also United States v. Jackson, 805 F.2d 457 (2nd Cir. 1986) (unless Congressional intent for

5  one criminal statute to supersede another is apparent, prosecutor may proceed under either

6  statute).  And, it follows that the prosecutor may choose either statute as a basis for prosecution,

7  "because he [or she] can."  United States v. Xiong, 2006 WL 3025651 *4 (W.D. Wis. 2006).

8  The defense position that the prosecutor must choose the more specific statute over the more

9  general statute founders on this correct statement of the law, as well as the absurd proposition

10  repudiated above that Congress somehow intended (by generally authorizing the VA to enact

11  regulations to maintain law and order) that controlled substance violations were less serious on

12  VA property than on the public street just bordering the VA property.[3]

13  *Conclusion*

14          Defendant's motion to dismiss is denied.  The parties shall appear for trial

15  confirmation on March 5, 2007.  The Speedy Trial Act has been tolled from February 1, 2007 to

16  the filing of this order, February 27, 2007 by virtue of defendant's motion.

17  DATED: 2/27/07

                          /s/ Gregory G. Hollows
18
                          _____
19                        GREGORY G. HOLLOWS
                          UNITED STATES MAGISTRATE JUDGE
maes.ord

20

21

22

23

24      [3]The court rejects the somewhat strained argument of the government in the
circumstances of this case that the "possession" of marijuana part of § 1.218 is different in any
25  meaningful fashion from the "introduction" of marijuana part of 1.218.  Moreover, the drafting
error patent in the regulation, i.e., the drafter criminalized possession in subsection (a) of the
26  regulation, but forgot to give the penalty for possession in (b) [simply relying on "introduction"]
shows how similarly the drafter regarded introduction and possession.

4