IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                      CR. NO. S-07-0005 GGH

    vs.

MARGARET MAES,

        Defendant.                AMENDED ORDER
_____/

*Introduction and Summary*

        The United States filed an information alleging in Count 1 that defendant possessed marijuana on a federal facility in violation of the general possession statute, 21 U.S.C. § 844(a), a misdemeanor. This Class A misdemeanor, among other penalties, imposes a one year term of imprisonment as a maximum penalty, and a maximum $100,000 fine. Defendant seeks to dismiss this count in the information on account of the regulation enacted by the Veterans Administration (VA) pursuant to its enabling act, 38 U.S.C. § 901, which imposes a six month,$500 fine as a maximum penalty for "[t]he introduction or possession of alcoholic beverages or any narcotic drug, hallucinogen, marijuana, barbiturate, and amphetamine on [VA] property...." 38 CFR §§ 1.218(a)(7) and (b)(18). Defendant believes that the prosecutor is mandated to charge the lesser, "more specific" offense.

Defendant's motion fails because the prosecutor could legitimately rely on the comprehensive statute in lieu of the regulation.

*Discussion*

Prosecutors have the right to choose between Congressionally authorized conflicting schemes of criminal enforcement. "It is well settled that no inherent difficulty exists in Congress' criminalizing the same conduct under two different statutes, one of which provides for misdemeanor and the other felony punishment. See United States v. Batchelder, 442 U.S. 114, 122-26, 99 S. Ct. 2198, 2203-05, 60 L. Ed. 2d 775 (1979)." United States v. Mitchell, 39 F.3d 465, 472 (4th Cir. 1994) (upholding the prosecutor's choice of a felony statute for prosecution in lieu of a later enacted statute that generally proscribed misdemeanor penalties for violation of regulations involving the same conduct as the felony.) See also United States v. Jackson, 805 F.2d 457 (2nd Cir. 1986) (unless Congressional intent for one criminal statute to supersede another is apparent, prosecutor may proceed under either statute). And, it follows that the prosecutor may choose either statute as a basis for prosecution, "because he [or she] can." United States v. Xiong, 2006 WL 3025651 *4 (W.D. Wis. 2006). The defense position that the prosecutor must choose the more specific statute over the more general statute founders on this correct statement of the law.[1]

*Conclusion*

Defendant's motion to dismiss is denied.

DATED: 4/30/07                    /s/ Gregory G. Hollows

                                  _____
                                  GREGORY G. HOLLOWS
                                  UNITED STATES MAGISTRATE JUDGE

maes.ord2

---

[1] The court rejects the somewhat strained argument of the government in the circumstances of this case that the "possession" of marijuana part of § 1.218 is different in any meaningful fashion from the "introduction" of marijuana part of 1.218. Moreover, the drafting error patent in the regulation, i.e., the drafter criminalized possession in subsection (a) of the regulation, but forgot to give the penalty for possession in (b) [simply relying on "introduction"] shows how similarly the drafter regarded introduction and possession.