UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,           CASE NO. CR. S-07-0005 WBS GGH

    Plaintiff and Appellee,

                        <u>ORDER</u>

    v.

MARGARET MAES,

    Defendant and Appellant.

----oo0oo----

        Appellant was charged in Count 1 of a misdemeanor information with possession of marijuana on a federal facility in violation of 21 U.S.C. § 844(a), and in Count 2 with driving the wrong way on a one way street in violation of 38 C.F.R. § 1.218(b)(32).  On February 1, 2007, appellant filed a motion to dismiss Count 1 for failure to charge under a more specific statute.  On February 27, 2007, the Magistrate Judge denied the motion.  <u>United States v. Maes</u>, 2007 U.S. Dist. LEXIS 16760 * 1 (E.D. Cal. Feb. 27, 2007).

        Appellant entered a conditional plea of guilty to both counts of the information on March 12, 2007, pursuant to Federal Rule of Criminal Procedure 11(a)(2).  On May 21, 2007, the

Magistrate Judge sentenced appellant to pay a fine of $1,000.00 and a mandatory special assessment of $25.00.  Appellant appealed to this court on May 30, 2007.

Jurisdiction to review the judgment of magistrate judge is conferred by 18 U.S.C. § 3402.  The standard of review is the same as when a court of appeals reviews the judgment of a district court.  United States v. Lex, 300 F. Supp. 2d 951 (E.D. Cal. 2003) (citing Fed. R. Crim. P. 58(g)(2)(D)).  The reviewing court reviews the trial court's findings of fact for clear error. Burlington Northern, Inc. v. Weyerhaeuser Co., 719 F.2d 304, 307 (9th Cir. 1983).  Conclusions of law are reviewed de novo. United States v. Vesikuru, 314 F.3d 1116, 1119 (9th Cir. 2002).

Appellant argues that the government improperly charged her in Count 1 of the information under 21 U.S.C. § 844 instead of 38 C.F.R. § 1.218(a)(7).  The general possession statute, 21 U.S.C. § 844(a), provides for a maximum term of imprisonment of one year and a maximum fine of $100,000.  Pursuant to its enabling act, 38 U.S.C. § 901, the Veterans Administration (VA) promulgated 38 C.F.R. § 1.218(a)(7) ("VA Rebulation") to proscribe "[t]he introduction or possession of alcoholic beverages or any narcotic drug, hallucinogen, marijuana, barbiturate, and amphetamine on [VA] property . . . ." 38 C.F.R. § 1.218(a)(7).  This regulation provides for a maximum term of imprisonment of six months and a maximum fine of $500.  38 C.F.R. § 1.218(b)(18).

Appellant argues that the government was required to charge the lesser, "more specific" offense.  Specifically, appellant argues that the more specific offense here would be the

VA Regulations because the offense occurred on VA property.
However, the VA Regulations contain a savings clause which
provides:

> Nothing contained in the rules and regulations set
> forth in paragraph (a) of this section shall be
> construed to abrogate any other Federal laws or
> regulations, including assimilated offenses under 18
> U.S.C. 13, or any State or local laws and regulations
> applicable to the area in which the property is
> situated.

38 C.F.R. 1.218(c)(3).  This clause demonstrates the VA's intent
that regulations promulgated under this section supplement rather
than supplant other federal offenses.  The court accords the VA's
interpretation considerable weight under the Chevron doctrine.
Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467
U.S. 837, 844 (1984) ("We have long recognized that considerable
weight should be accorded to an executive department's
construction of a statutory scheme it is entrusted to administer,
and the principle of deference to administrative
interpretations.").  Moreover, the enabling statute does not
explicitly indicate that Congress intended for the regulations
promulgated under it to supplant other federal statutes.

Consequentially, the Magistrate Judge correctly
concluded that the government had discretion to charge appellant
with a violation of 21 U.S.C. § 844(a), and correctly denied
appellant's motion to dismiss Count 1 of the information.

The judgment is therefore AFFIRMED.

DATED:  September 28, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3